UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LINDA MURDAUGH,

          Plaintiff,     10 CV 7218 (HB)(DCF)

    - against -

THE CITY OF NEW YORK and IQBAL
SULEHRIA, individually and in his official
capacity as an employee of the New York City
Department of Correction,

          Defendants.

---------------------------------------------------------------x


    MEMORANDUM OF LAW REPLYING TO
    DEFENDANT CITY'S CONSOLIDATED
    MEMORANDUM OF LAW OPPOSING
    PLAINTIFF'S MOTIONS FOR
    RECONSIDERATION AND FOR LEAVE TO
    AMEND HER COMPLAINT TO INCLUDE A
    CONSTRUCTIVE DISCHARGE CLAIM


                    Fred Lichtmacher
                 350 Fifth Avenue, Suite 7116
                  New York, New York 10118

                    Matthew Flamm
                 26 Court Street, Suite 600
April 28, 2011               Brooklyn, New York 11242

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LINDA MURDAUGH,

                                                                         10 CV 7218 (HB)(DCF)

                    Plaintiff,

          - against -

THE CITY OF NEW YORK, Et Ano,

                    Defendants.

-------------------------------------------------------------x

<u>Preliminary Statement</u>

      This memorandum of law replies to Defendant City's opposition to Plaintiff's motions (1) for reconsideration of so much of the March 8, 2011 Opinion and Order as dismissed Ms. Murdaugh's claim for constructive discharge, and, upon reconsideration, reinstatement of that claim and (2) for leave pursuant to Fed.R.Civ.P. 15 and 60 to file and serve a Second Amended Complaint which includes a claim for constructive discharge.

<u>Reply Argument</u>

      THE COURT SHOULD RECONSIDER THE MARCH 8, 2011
      OPINION AND ORDER AND, UPON RECONSIDERATION,
      REINSTATE THE CONSTRUCTIVE DISCHARGE CLAIM.
      ALTERNATIVELY, THIS COURT SHOULD ALLOW PLAINTIFF
      TO FILE AND SERVE A SECOND AMENDED COMPLAINT
      <u>ASSERTING CONSTRUCTIVE DISCHARGE</u>

      As to the motion for reconsideration, Defendant, at page 5 of its April 18, 2011 Consolidated Memorandum, incorrectly claims that Plaintiff has failed to demonstrate the facts overlooked by this Court's ruling that Plaintiff had not sufficiently pled intentional or deliberate acts by the City. Plaintiff's March 22, 2011 Memorandum in Support, however, catalogues at pages 3 and 4 the facts which she contends were overlooked.

      Even if this Court is disinclined to grant the motion for reconsideration, the motion to allow a Second Amended Complaint should be granted. The City's

opposition to the motion is based on a claim of futility; that the proposed pleading fails to state a claim for relief for constructive discharge. The City's opposition, however, makes long, factual arguments – best saved for a jury – about how the newly-disclosed evidence and newly-pled facts in some way support its view of this case rather than, as the City and this Court must, analyzing the new evidence and facts in the light most favorable to Plaintiff. The facts pled and documents provided do not demonstrate "action," as Defendant contends, but, rather, the City's firm knowledge of a growing workplace problem  – Sulehria –  and deliberate action in leaving Sulehria at E.M.T.C. ./[1]

Moreover, the City overstates the legal standard that Plaintiff will need to prove up to the jury, stating again and again that the City's deliberate action in leaving Sulehria in place had to be for the explicit purpose of forcing Ms. Murdaugh to resign. This position ignores this Court's observation that Ms. Murdaugh "need not ... prove that the [City] had the specific intent for [Plaintiff] to resign ... ." March 8, 2010 Opinion and Order at p. 8.

Viewed through the correct lens, Plaintiff has sufficiently pled and should be permitted to present to the jury that the City firmly knew of and tolerated a sustained and worsening hostile work environment and deliberately left Sulehria in place, ultimately resulting in Plaintiff having no choice but to retire. Plaintiff has demonstrated that the City's "actions were deliberate and not merely negligent or ineffective." March 8, 2010 Opinion and Order at p.8 (citing <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 230-31 (2d Cir. 2004)). Ms. Murdaugh's claims are not an instance of simple failure to address and remedy her co-worker's actions; she can show to a jury that the City knew of the worsening workplace situation and did not care.

---

1. Defendant makes much of memoranda and meetings and would argue to the jury that this constitutes "action." Transfer of Sulehria would have been action. Adjustment of tours to end all contact between Sulehria and Correction Linda Officer Murdaugh and Legal Coordinator Typhanie Lynch would have been action. Memoranda stretching over a year and asking again and again for action are words, not action. Meetings with Sulehria or about him are not action, they are words. The City knew of a worsening and urgent situation and deliberately left Sulehria in place to inflict himself on Ms. Murdaugh and Ms. Lynch.

<u>Conclusion</u>

Plaintiff respectfully requests she be permitted to go forward with her constructive discharge claim and that this Court either reconsider the March 8, 2011 Opinion and Order and, upon reconsideration, reinstate the constructive discharge claim or permit Plaintiff to file and serve a Second Amended Complaint asserting constructive discharge, together with such other and further relief as this Court deems just.

Dated: April 28, 2011
      Brooklyn, New York

                                      Matthew Flamm
                                      Attorney for Plaintiff
                                      26 Court Street, Suite 600
                                      Brooklyn, New York
                                      (718) 797-3117