UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LINDA MURDAUGH,                                  :
                                                 :
                   Plaintiff,           :        10 Civ. 7218 (HB)
                                                 :
      -against-                                 :        **OPINION & ORDER**
                                                 :
THE CITY OF NEW YORK and IQBAL SULEHRIA,         :
individually and in his official capacity as an employee  :
of the New York City Department of Correction,   :
                                                 :
                 Defendants.          :
------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**

      This is an employment discrimination dispute brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e et seq. ("Title VII"), the New York State Human Rights Law, NY Executive Law §§ 290, et seq. ("SHRL"), and the New York City Human Rights Law, NYC Administrative Code §§ 8-101, et seq. ("CHRL"). Linda Murdaugh ("Plaintiff" or "Murdaugh") brings claims against the City of New York ("City Defendant") and Iqbal Sulehria ("Sulehria"), individually and in his official capacity as an employee of the New York City Department of Corrections ("DOC"), for hostile work environment, retaliation and constructive discharge. On March 8, 2011, this Court dismissed the claim for constructive discharge. Plaintiff filed a motion for reconsideration on March 22, 2011 and a motion to amend the Complaint on March 29, 2011. For the following reasons, Plaintiff's motions are DENIED.[1]

    **I.    Motion for Reconsideration**

      A motion for reconsideration is governed by Local Rule 6.3 and "is appropriate where a court overlooks controlling decisions or factual matters that were put before it in the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *DGM Invs. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (internal citations and quotations omitted). A motion for reconsideration may also be granted to "correct a clear error or prevent manifest injustice." *Id.* (internal citations and quotations omitted). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling

---

[1] The Court will assume the parties' familiarity with the facts.

1

decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995). The determination of a motion for reconsideration is a matter committed to the "sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *accord Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).

Plaintiff has not demonstrated that the Court overlooked any controlling decisions or factual matters put before it.  "[W]hen, as here, an employee alleging constructive discharge has tolerated allegedly difficult working conditions for a number of years, the relevant question for a court is whether 'deliberate employer action' immediately preceding the discharge 'ratcheted the harassment up to the breaking point for a reasonable person in [the plaintiff's] situation.'" *Benson v. N.Y. City Bd. of Educ*., 02 CV 4756, 2006 U.S. Dist. LEXIS 73295, at *28 (E.D.N.Y. Sept. 29, 2006) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 230 (2d Cir. 2004)).  Importantly, "these deliberate acts must have been taken for the purpose of forcing plaintiff to resign."  S*ee Lee v. Sony BMG Music Entm't, Inc*., 07 CV 6733, 2010 U.S. Dist. LEXIS 19481, at *26 (S.D.N.Y. March 3, 2010) (citing *Kader v. Paper Software, Inc*., 111 F.3d 337, 339 (2d Cir. 1997)) (additional citations omitted).

Plaintiff presents various memoranda between staff at DOC which indicate that City Defendant was aware of Sulehria's behavior and disciplined him for it, but did not transfer Sulehria or Plaintiff out of the facility after November 2008.  These memoranda establish that City Defendant acted in response to the complaints filed by Plaintiff, Suhleria, and others. While City Defendant's actions may have been ineffective, this evidence shows that various DOC supervisors took action nonetheless in an attempt to remedy the conflict between Plaintiff and Sulehria.  None of the memoranda submitted by Plaintiff support Plaintiff's contention that Defendant deliberately took action to force Plaintiff to resign.  Therefore, Plaintiff has not shown that the refusal to transfer either Sulehria or Plaintiff constitutes the type of deliberate action necessary to maintain a claim for constructive discharge.  *See Whidbee v. Garzarelli Food Specialties*, 223 F.3d 62, 74 (2d Cir. 2000); *Lee*, 2010 U.S. Dist. LEXIS 19481, at *27.[2]

---

[2] The Court has reviewed Plaintiff's other arguments and finds them unpersuasive.

## II. Motion to Amend

Plaintiff's request to amend the Complaint would be futile. Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be "freely given," leave to amend need not be granted where the proposed amendment is futile. *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Min Jin v. Metro Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (stating that the "district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party"). An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir. 1979); *Respass v. New York City Police Dep't*, 852 F. Supp. 173 (E.D.N.Y. 1994). Plaintiff's "new evidence" that it intends to present in an amended Complaint is insufficient to establish a claim for constructive discharge for the reasons set forth above and is therefore denied as futile.[3]

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and motion to amend the Complaint are DENIED. The Clerk of the Court is instructed to close these motions.

**IT IS SO ORDERED.**

New York, New York

May 19, 2011

The Hon. Harold Baer, Jr.

U.S.D.J.

---

[3] The Court has considered Plaintiff's additional arguments and finds them unavailing.

3