UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LINDA MURDAUGH,                                      :
                                                     :
                           Plaintiff,                :     10 Civ. 7218 (HB)
                                                     :
            -against-                                :     **OPINION & ORDER**
                                                     :
THE CITY OF NEW YORK and IQBAL SULEHRIA,             :
individually and in his official capacity as an employee :
of the New York City Department of Correction,       :
                                                     :
                           Defendants.               :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

### I.  Background

Before the Court is the motion for summary judgment filed by City of New York ("City Defendant") against Linda Murdaugh ("Plaintiff").  Plaintiff filed the First Amended Complaint ("FAC") on November 22, 2010 alleging that City Defendant and Iqbal Sulehria ("Sulehria"), individually and in his official capacity as an employee of the New York City Department of Corrections ("DOC"), discriminated against her on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, et seq. ("Title VII"), the New York State Human Rights Law, NY Executive Law §§ 290, et seq. ("SHRL"), and the New York City Human Rights Law, NYC Administrative Code §§ 8-101, et seq. ("CHRL").  On March 8, 2011, this Court dismissed any claim for constructive discharge.  City Defendant now moves for summary judgment on all remaining claims against City Defendant.[1]  The motion was fully briefed on July 20, 2011 and trial is set to commence on September 26, 2011.  For the following reasons, City Defendant's motion for summary judgment is DENIED with respect to Plaintiff's claims that allege a hostile work environment, and City Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's claims that allege retaliation.

### II.  Analysis

A motion for summary judgment must be granted if the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1] Although Sulehria is a named defendant in the case, he is not a party to the present motion.

1

law." Fed. R. Civ. P. 56(a).  A court must resolve all ambiguities and draw all inferences against the moving party.  *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005).  Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    A.  <u>Hostile Work Environment</u>

Under Title VII it is unlawful for an employer to discriminate against any individual with respect to race, color, religion, sex, or national origin.  *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007).  In order to prevail on a claim for hostile work environment under Title VII, a plaintiff must demonstrate three elements: (1) that she was subjected to conduct that was objectively severe or pervasive "to alter the conditions of the victim's employment and create an abusive working environment";[2] (2) that she subjectively perceived the environment to be hostile or abusive; and (3) that the offending conduct created an abusive environment because of the plaintiff's race or gender.  *See id.* at 113-14.[3]

To hold an employer liable for the conduct of an employee, a plaintiff must show "a specific basis for imputing the conduct creating the hostile work environment to the employer." *Feingold*, 366 F.3d at 150.  "When harassment is perpetrated by the plaintiff's coworkers, an employer will be liable if the plaintiff demonstrates that the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Id.* at 152 (internal citation and quotation marks omitted); *see also Petrosino v. Bell Atl.*, 385 F.3d 210, 225 (2d Cir. 2004); *Richardson v. New York Dep't of Corr. Servs.*, 180 F.3d 426, 441 (2d Cir. 1999); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997); *Stepheny v. Brooklyn Hebrew Sch. for Special Children*, 356 F. Supp. 2d 248, 266 (E.D.N.Y. 2005) ("An employer's remedy need not necessarily expel the harasser from the work environment to be effective, but rather it should

---

[2] With respect to the first prong, courts consider "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) 'whether it unreasonably interferes with an employee's work performance.'" *Patane*, 508 F.3d at 113 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

[3] The elements of a claim for hostile working environment under SHRL and CHRL are substantially similar to those under Title VII.  *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310 (2004); *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 267 (E.D.N.Y. 2009).  Unlike Title VII, however, CHRL allows liability to attach for harassing conduct that does not qualify as "severe or pervasive."  *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62 (1st Dep't 2009); *Fleming*, 644 F. Supp. 2d at 268.

be sufficiently calculated to end the harassment.") (quoting *Gonzalez v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 355 (S.D.N.Y. 2003)).

In its summary judgment motion, City Defendant argues that Plaintiff's claims alleging a hostile work environment fail as a matter of law because the actions Plaintiff complains of are not severe nor pervasive and there is no basis for imputing liability to the City because Plaintiff has failed to establish that DOC's response to Plaintiff's complaints was unreasonable. After reviewing the parties' submissions, I disagree and conclude that summary judgment is not warranted because genuine issues of material fact remain in dispute.

B.  Retaliation

Title VII prohibits retaliation against an employee who has "opposed any practice made an unlawful employment practice by this [subchapter], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [subchapter]." 42 U.S.C. § 2000e-3(a). To prevail on a retaliation claim under Title VII, the plaintiff must prove: (1) the plaintiff engaged in protected participation or opposition conduct known by the alleged retaliator; (2) the plaintiff suffered an adverse employment action; and (3) there is a causal connection between the first two elements. *See Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 46 (2d Cir. 1980).[4]

City Defendant argues that Plaintiff's retaliation claim fails as a matter of law because Plaintiff has not set forth a materially adverse action given that this Court dismissed any claim for constructive discharge and Plaintiff cannot prove the element of causation. The only protected activity that Plaintiff now argues applies is that she spoke out against Sulehria at his disciplinary hearing and DOC transferred him back to the Law Library after his 60 day suspension. No reasonable juror could find that DOC retaliated against Plaintiff by returning Sulehria to his previous post to retaliate against Plaintiff for speaking out on DOC's behalf, and Plaintiff does not even attempt to argue to the contrary. Therefore, City Defendant has met its burden to show that Plaintiff cannot support a claim for retaliation as a matter of law.

---

[4] Retaliation claims under SHRL are governed by the same standards as those brought under Title VII. *See Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 609 (2d Cir. 2006). However, under the CHRL, to state a retaliation claim, a plaintiff need not establish that an adverse action was materially adverse. "The proper inquiry under the CHRL is whether a jury could 'reasonably conclude from the evidence that [the complained-of] conduct [by the employer] was, in the words of the [CHRL], reasonably likely to deter a person from engaging in protected activity,' without taking account of whether the employer's conduct was sufficiently deterrent so as to be 'material[].'" *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 723 (2d Cir. 2010) (internal citation omitted).

On an unrelated matter, I reviewed the parties' recent letters, none of which were requested or relevant. The witness list however, about which we will revisit on the motions in limine, is on first blush far too long and, from the little I can tell, flies in the face of FRE 401 and 402; please pair it down or the Court may do so for you.

### III. Conclusion

City Defendant's motion for summary judgment as to any claims brought under a theory of retaliation is GRANTED and as to any claims brought under a theory of hostile work environment is DENIED. The Clerk of the Court is instructed to close all open motions in this case.

SO ORDERED.

New York, New York
September 1, 2011

HAROLD BAER, JR.
**United States District Judge**